EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
DENNISE D. WILLETT
Assistant United States Attorney
Chief, Santa Ana Branch Office
SANDY N. LEAL (Cal. Bar No. 207179)
Assistant United States Attorney
     Ronald Reagan Federal Bldg & U.S. Courthouse
     411 West 4th Street, Suite 8000
     Santa Ana, California 92701
     Telephone: (714) 338-3531
     Facsimile: (714) 338-3564
     E-mail:    Sandy.Leal@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. SA CR 11-95-GW |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING MEMORANDUM |
| v. | Hearing Date: July 25, 2016<br>Hearing Time: 8:00 a.m. |
| AJIT KUMAR BHARGAVA, | Location:    Courtroom of the<br>             Hon. George H. Wu |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Sandy N. Leal, hereby files its sentencing memorandum.

This sentencing position is based upon the attached memorandum

//

//

//

of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: July 11, 2016     Respectfully submitted,

             EILEEN M. DECKER
             United States Attorney

             LAWRENCE S. MIDDLETON
             Assistant United States Attorney
             Chief, Criminal Division

             DENNISE D. WILLETT
             Assistant United States Attorney
             Chief, Santa Ana Branch Office

               /s/
             SANDY N. LEAL
             Assistant United States Attorney

             Attorneys for Plaintiff
             UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

For the reasons set forth below, the government respectfully requests that the Court sentence defendant to a low-end sentence of 15 months' imprisonment, followed by a three-year term of supervised release under the terms and conditions recommended by the United States Probation Office ("USPO"), a total fine of $40,000, and a special assessment of $100.

**II.   STATEMENT OF FACTS**

   **A.   Criminal Conduct**

Beginning on a date unknown and continuing until April 6, 2011, in Orange County, defendant Ajit Bhargava ("defendant") conspired and agreed with his wife, Nisha Bhargava, his daughter Runjhun Bhargava, and others to knowingly obtain visas or other documents prescribed by statute as evidence of authorized stay or employment in the United States knowing that such visas and documents to have been procured by fraud or unlawfully obtained.  (PSR ¶ 13.)

Defendant owned and operated Maple Eagle Immigration Consultants ("MPEagle"), also known as MPEagle Consultants Inc., a business offering immigration services for individuals and businesses.  (Id.) Defendant prepared visa petitions and supporting documentation for foreign nationals based on fraudulent marriages and fraudulent employment offers.  Defendant engaged in such marriage and visa fraud activities for profit.  (Id.)  Defendant charged between $15,000 and $60,000 to fraudulently obtain an immigrant visa.  (Id.)

Defendant directed and oversaw MPEagle's marriage and visa fraud activities, including the arrangement of fraudulent marriages between a U.S. citizen and foreign nationals for the purposes of obtaining a

green card for the foreign national and the recruitment of U.S. employers for the purpose of filing fraudulent employment-based petitions for foreign nationals. (PSR ¶ 15.) Defendant recruited and agreed to pay United States citizens to enter into fraudulent marriages with foreign nationals. (PSR ¶ 21.) As a result of ICE's investigation and search of MPEagle's business location and defendant's residence, ICE discovered more than 89 fraudulent petitions were filed on behalf of 89 foreign nationals. (PSR ¶ 29.)

### B. Guilty Plea and Plea Agreement

On November 13, 2014, defendant signed a plea agreement with the government in which defendant agreed to plead guilty to a violation of 18 U.S.C. § 371: conspiracy to commit marriage fraud and visa fraud. Pursuant to the plea agreement, the government agreed to recommend that defendant be sentenced to a term of imprisonment no higher than the low-end of the applicable Sentencing Guidelines range provided the range was 17 or higher.

### C. Presentence Report

The USPO prepared a Presentence Report ("PSR") disclosed on February 4, 2015, calculating a guidelines range of 21-27 months based on a total offense level of 16 and a criminal history category of I. The USPO recommends that the Court sentence defendant to a mid-range sentence of 24 months' imprisonment, a three-year term of supervised release under the terms and conditions listed in its recommendation letter, a fine of $40,000 to be paid in full immediately, and a special assessment of $100.

**III. ARGUMENT**

    **A.   Sentencing Guidelines Calculations**

    The government hereby concurs with the findings of the Guidelines Presentence Report. Pursuant to the terms of the plea agreement in this case, the government calculates a total offense level of 14 based on the following calculations: a base offense level of 11 pursuant to U.S.S.G. § 2L2.1, plus a 6-level increase for between 25 and 99 documents under U.S.S.G. § 2L2.1(b)(2)(B), and minus three levels for acceptance of responsibility under U.S.S.G. § 3E1.1. Accordingly, defendant's guidelines range is 15-21 months based on a total offense level of 14 and a criminal history category of I.

    **B.   18 U.S.C. § 3553(a)**

    The government recommends a low-end sentence of 15 months' imprisonment, a three-year term of supervised release under the terms and conditions recommended by the USPO, a fine of $40,000, and a special assessment of $100. A low-end guidelines sentence is appropriate under the factors set forth at 18 U.S.C. § 3553(a). As discussed below, the government's sentencing recommendation reflects the nature and circumstances of the offense, the history and characteristics of the defendant, and affords adequate deterrence to criminal conduct.

    In regard to the USPO's recommendation of a $40,000 fine to be paid in full immediately, the government notes that the indictment included a notice of forfeiture related to defendant's family property. (See Docket Entry # 29.) Pursuant to co-defendant's (defendant's daughter) plea agreement, Runjhun Bharagava forfeited her interest in the parcel of real property located in Yorba Linda,

3

California. (See Docket Entry # 124.) On September 11, 2015, pursuant to a stipulation of the parties, the court ordered in exchange for the payment of $279,840.00, in the form of a cashier's check made payable to the United States, co-defendant Runjhun Bhargava was excused from her obligation to forfeit her interest in the parcel of real property located in Yorba Linda, California. (See Docket Entry # 240.) Accordingly, the identified proceeds of defendant and her family's visa fraud operation were forfeited to the United States Customs and Border Protection.

### 1. The Nature and Circumstances of the Offense

First, the nature and circumstance of defendant's conduct supports such a sentence. Defendant stands convicted of conspiracy to engage in marriage and visa fraud, in violation of Title 18, United States Code, Section 371. The government maintains that the factual summary set forth in ¶¶ 12-29 of the PSR is accurate. Beginning on an unknown date and continuing until April 6, 2011, defendant and his wife and daughter operated a business offering immigration services wherein defendant obtained immigration visas procured by fraud. Specifically, defendant submitted immigration applications with supporting documentation to United States Citizenship and Immigration Services for the purpose of obtaining fraudulently issued visas. Defendant arranged fake marriages with complicit United States citizens and foreign national beneficiaries in order to fraudulently obtain work permits and green cards for the foreign nationals. Defendant engaged in this visa fraud activity for profit. Defendant charged between $15,000 and $60,000 and filed more than 89 petitions with Citizenship and Immigration Services on behalf of 89 foreign nationals. Accordingly, defendant's conduct in the

4

instant offense was not a one-time occurrence, but a pattern demonstrating a complete disregard for the laws of the United States. Accordingly, a low-end guidelines sentence is appropriate.

### 2. History and Characteristics of the Defendant

Defendant is a 65-year old male, and naturalized citizen of the United States. Defendant left his native country of India in 1981 and has since resided in southern California. (PSR ¶ 65). In October 2014, defendant reports that he started Southern California Career College, an online vocational school based out of his residence. (PSR ¶ 83). According to defendant, the online school is pending funding and licensing. (PSR ¶ 83). Defendant also reports employment at various unnamed college as an online professor earning $60 to $65 per hour. (PSR ¶ 84). Defendant also reports owning New Horizons Enterprise, a consulting service assisting Indian families seeking education in the United States. (PSR ¶ 85). The government remains concerned that defendant is opening businesses that ultimately relate to obtaining foreign student visas and could result in defendant engaging in similar frauds to the instant offense.

### 3. Need for the Sentence to Afford Adequate Deterrence

A low-end guidelines sentence is sufficient to afford general and specific deterrence. Defendant must receive appropriate and just punishment as a deterrent to others from even considering engaging in similar criminal conduct and to send a message that engaging in immigration/visa fraud is unacceptable. Here, defendant ran a business engaged in an immigration fraud scheme that prepared documentation for fraudulent visa applications, facilitated fake marriages for purposes of fraudulently obtaining green cards, and opened mail boxes and bank accounts in furtherance of the fraud

scheme.  (PSR ¶¶ 12-29.)  As such, in order to promote respect for the law and to afford adequate deterrence, the Court should sentence defendant to the low-end guidelines sentence.

**IV.   CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court sentence defendant to the low-end guidelines sentence of 15 months' imprisonment, followed by a three-year period of supervised release under the terms and conditions recommended by the USPO, a fine of $40,000, and a special assessment of $100, based on the advisory guidelines range and 18 U.S.C. § 3553(a).